[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
STATEMENT OF APPEAL
The present appeal is taken pursuant to General Statutes § 45a-186 by the petitioners, Shirley Walsh and Mary Ann Rubino, from orders of the Probate Court, District of Griswold, Connecticut.
FACTS
The petitioners allege they are heirs at law to the Estate of Louis C. Dziedzic, Sr. ("decedent"). On October 21, 1991, the decedent executed his will. (Record Exhibit A: Last Will and Testament of the decedent.). On January 18, 1992, the decedent died and on January 18, 1993, the decedent's purported will was submitted to said Probate Court. (Record Exhibit C: Motion to Remove Executrix; Exhibit N: Memorandum in Support of Petitioner's Motion).
On December 28, 1993, the court, Kennedy, J., granted the respondent's "Motion to Dismiss All of the Petitioner's Claims In the Matter of The Estate of [The Decedent]." On January CT Page 9011 26, 1994, the petitioners filed the present motion for appeal from probate. On June 3, 1994, the petitioners filed their "Substituted/Amended Reasons for Appeal."
On June 17, 1994, the respondent filed a motion to dismiss "that portion of Petitioner's Appeals From Probate (and Reasons of Appeal) that challenges the admissibility and approval of the Last Will and Testament of [the decedent]." The respondent filed a supporting memorandum of law and argues for dismissal on the ground that this court lacks subject matter jurisdiction over the appeal. On July 18, 1994, the petitioners filed a preliminary memorandum of law in opposition to the respondent's motion to dismiss.
DISCUSSION
"Any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court. . . ." General Statutes § 45a-186. "An appeal under section 45a-186 by those of the age of majority and who are present or who have legal notice to be present, shall be taken within thirty days. . . ." General Statutes §45a-187. The respondent accordingly argues that because the petitioners failed to file their appeal within thirty days of the admission of the decedent's will to probate, this court lacks subject matter over the petitioner's appeal. The petitioners argue that because the present appeal was filed within thirty days of the court of probate's orders, dated December 28, 1993, the present appeal is timely.
While the parties in their briefs make certain claims, the record does not in fact contain the date on which the decedent's will was admitted to probate. Because the respondent moves to dismiss only that portion of the petitioners' appeal that challenges the admissibility and approval of the decedent's will, this court cannot evaluate the claim that the petitioners' appeal was taken within thirty days of an order or decree of a court of probate, as required by General Statutes §§ 45a-186 and 45a-187. The respondent's motion to dismiss that portion of the petitioners' appeal must be denied without prejudice.
Leuba, J. CT Page 9012